UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ANDRE OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18CV1601 HEA |
| ) | |
| AMERIQUEST MORTGAGE, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants' Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company's ("Deutsche") motion to dismiss plaintiff's complaint for failure to state a claim.[1] The matter is fully briefed, and ready for decision. For the following reasons, the Court grants defendants' motion to dismiss plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim and declines to exercise supplemental jurisdiction over plaintiff's state law claims.

### Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal

---

[1] Plaintiff is proceeding pro se and has filed a motion to proceed in forma pauperis, which the Court will grant. [Doc. #2] Defendants Ocwen and Deutsche entered their appearances and filed their motion to dismiss prior to being served with process, while this case was pending initial review under 28 U.S.C. § 1915(e). The final defendant, Ameriquest Mortgage, has not been served with process and therefore has not filed a motion to dismiss the complaint.

Because the Court finds plaintiff has failed to state a claim upon which relief can be granted as to all defendants, it will (1) grant defendants Ocwen and Deutsche's motion to dismiss under Federal Rule 12(b)(6), and (2) on initial review under § 1915(e), dismiss without prejudice plaintiff's claims against defendant Ameriquest Mortgage. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . .").

premises . . . thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir.2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the United States Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.

Upon considering a motion to dismiss, a federal court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Fed. R. Civ. P. 12(b)(6); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Davenport v. Farmers Ins. Grp.*, 378 F.3d 839, 842 (2004). Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**Background**

Plaintiff, William Andre Owens, has filed the present action against defendants Ameriquest Mortgage, Ocwen, Deutsche, alleging seven causes of action: (1) violations of the FDCPA; (2) negligence; (3) fraud in the concealment; (4) fraud in the inducement; (5) slander of title; (6) declaratory relief; and (7) rescission.

Plaintiff states the Court has federal question jurisdiction based on his FDCPA claim. Plaintiff also states the Court has diversity jurisdiction under 28 U.S.C. § 1332; however, he has not alleged the citizenship of any parties and the Court cannot find that it has diversity

jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Plaintiff alleges that on February 8, 2017, he received a "Notice of Acceleration and Foreclosure," which demanded payment of $133,200.00. Plaintiff does not attach this document, and he does not indicate which defendant sent the document. He states, "Defendant claimed to be an agent of the bona fide holder of a certain promise to pay a debt securitized by a certain deed of trust filed with the county registrar of deeds." Plaintiff has not identified the loan, the property at issue, or any information on the alleged foreclosure.

Plaintiff's "statement of claim" is difficult to discern, but seems to challenge defendants' legal right to enforce the Notice of Acceleration and Foreclosure. Although plaintiff does not state what individual or entity he believes could assert such right, he claims defendants cannot. Plaintiff then cites to Texas, Georgia, and Iowa case law on the issues of agency and authority.

As to his stated causes of action, only plaintiff's FDCPA claim asserts a federal question. In it, plaintiff alleges as follows:

> Defendant did violate the [FDCPA], 15 U.S.C. 1692e and 1692f by providing false and misleading information by mailing a dunning letter dated 8-Feb-17 by U.S.P.S. to the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant further failed to show that said bona holder was also a bona fide holder of a document establishing a lien against real property owned by Plaintiff. Defendant failed to itemize the various charges that comprised the total amount of the alleged debt . . . Defendant used false, deceptive and misleading representations in connection with collection of any debt . . . . by demanding payment of a debt Plaintiff did not owe and by making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to pay the alleged debt, Defendant acted in clear violation of [the FDCPA].

Defendants Ocwen and Deutsche move to dismiss plaintiff's complaint for failure to state

a claim upon which relief can be granted. Defendants state plaintiff has alleged no substantive allegations against them and fails to state a claim for violation of the FDCPA.

**Discussion**

"The purpose of the FDCPA is to protect consumers from abusive debt collection practices." *Mayhall v. Berman & Rabin, P.A.*, 13 F. Supp. 3d 978, 982 (E.D. Mo. 2014) (internal quotation omitted). To allege a plausible cause of action for violation of the FDCPA, a plaintiff must allege (1) he is a consumer; (2) the debt arises out of a transaction entered primarily for personal, family, or household purposes; (3) the defendant is a debt collector; and (4) the defendant violated, by act or omission a provision of the FDCPA. *See* 15 U.S.C.A. 1692a-o; *see, e.g.*, *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011) (listing elements of claim under FDCPA § 1692g(b)); *Klein v. Stewart Zlimen & Jungers, Ltd.*, 2019 WL 79317, *3 (D. Minn. Jan. 2, 2019).

Plaintiff's complaint contains no allegations that he is a consumer or that defendants qualify as debt collectors. He states he was sent a "dunning letter" or "Notice of Acceleration and Foreclosure" from an unspecified defendant and that this defendant used "false, deceptive, and misleading representations." Plaintiff has not alleged who sent the letter (other than "defendant"), to whom the letter was addressed, or the contents of the letter. Even liberally construed, plaintiff has not alleged enough facts to state a claim for a violation of the FDCPA that rises above a speculative level. He has alleged only "[t]hreadbare recitals of the elements of a cause of action for violation of the FDCPA, supported by mere conclusory statements," which is insufficient to survive a motion to dismiss under Federal Rule 12(b)(6) or initial review under § 1915(e). *See Iqbal*, 556 U.S. at 677-78. ); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th

Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To the extent that plaintiff is attempting to raise pendant state claims for negligence, fraud, slander, and rescission, these claims are dismissed without prejudice. Where federal claims in an action have been dismissed, district courts may decline jurisdiction over state claims as a "matter of discretion." 28 U.S.C. § 1367(c)(3); *Hassett v. Lemay Bank & Tr. Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company's motion to dismiss plaintiff's complaint [Doc. #11] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Ameriquest Mortgage are **DISMISSED** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and motion for temporary restraining order [Doc. #3 and #4] are **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order

Dated this 11th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE